UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CV-621-GCM

| | |
|---|---|
| LARRY BAXTER, Jr., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| BROCK & SCOTT, PLLC; JP MORGAN | ) |
| CHASE & CO.; ANDREA HUNDSON; | ) |
| CLARENCE CHAPPELLE; JEREMY | ) ORDER |
| WILLIAMS; ESAD CAUKA; | ) |
| ELIZABETH BOULTON; TRUSTEE | ) |
| SERVICES OF CAROLINA, LLC, | ) |
| | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court *sua sponte* and based on Plaintiff's Complaint filed on November 12, 2013 (Doc. No. 1).

## I. BACKGROUND

Plaintiff filed this Complaint *pro se* on November 12, 2013. Besides listing the parties to this action and their addresses, the Complaint contains five short statements explaining the case against the named Defendants. In the "Nature of Case" section, Plaintiff explains that he has brought this case due to a "Violation of my rights in alleged foreclosure claim." (Compl. at 4). In the "Cause of Action" section, Plaintiff lists "Count 1" as "Violation of FDCPA" and "Count 2" as "Violation of TCPA." (Compl. at 5). The "Supporting Facts" sections of these paragraphs are left blank. (*See id.*) In the "Injury" section, when asked if he has been injured by the actions of the Defendants, Plaintiff explains, "YES for violation of my legal rights." (*Id.*) In a separate section, when asked why he has not sought administrative relief, Plaintiff answers "Recently investigated documentation and violations were discovered." (Compl. at 6). Finally, in the "Request for

1

Relief" section, Plaintiff asks the Court for "[d]amages for FDCPA & TCPA violations for each violation and or stop all foreclosure proceedings." (Compl. at 7). These statements constitute the entirety of Plaintiff's Complaint.

## II. STANDARD OF REVIEW

"Frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (citing *Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989); *Fitzgerald v. First E. Seventh St.*, 221 F.3d 362, 364 (2d Cir. 2000)). Typically, the dismissal of a complaint for frivolity or maliciousness occurs pursuant to a motion to proceed *in forma pauperis* and 28 U.S.C. § 1915(d), but "there is little doubt [district courts] would have the power to do so even in the absence of this statutory provision." *Mallard*, 490 U.S. at 307-08. In conducting this review, the Court typically determines whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). A *pro se* complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff appears to assert claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1601 et seq., and the Telephone Consumer Protection Act, 47 U.S.C. § 227. First, in order to succeed on his FDCPA claim, Plaintiff must allege: "(1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as

2

defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA." *Davis v. Bowens*, 2012 U.S. Dist. LEXIS 101402 (M.D.N.C. July 23, 2012) (citations omitted). Here, Plaintiff alleges none of these things. He briefly mentions some "violation of [his] rights in alleged foreclosure claim," (Compl. at 4), but a foreclosure cannot be the basis of a claim under the FDCPA. *See Beadle v. Haughey*, 2005 WL 300060, at *3 (D.N.H. Feb. 9, 2005) ("Nearly every court that has addressed the question has held that foreclosing on a mortgage is not debt collection activity for purposes of the FDCPA."). Plaintiff mentions nothing about whether the Defendants in this action are "debt collectors" as defined by the FDCPA, nor does he assert that there was an act or omission prohibited by the Act. He mentions only that there was some "[v]iolation of [the] FDCPA," and provides no facts in support. He does not provide the Court with any information about the alleged violation such that the Court could at least infer that some sort of violation may have occurred. This clear failure to allege any facts in support of a claim under the FDCPA renders the Complaint clearly deficient on its face; thus, the Complaint does not state a claim for a violation of the FDCPA.

Likewise, Plaintiff fails to allege any facts at all in support of his claim under the TCPA. 47 U.S.C. § 227(b) makes unlawful a range of telephone-related activity, including the use of automated dialing systems and prerecorded voices where the recipient is charged for the phone call, or the recipient is a residence, unless the recipient consents. 47 U.S.C. § 227(b)(1)(A), (B). It also prohibits the use of various forms of electronic communication to send unsolicited advertisements, with a number of exceptions for the voluntary communication of one's contact information. 47 U.S.C. § 227(b)(1)(C). At no point in Plaintiff's Complaint does he allege any of this activity. Indeed, he does not attempt to provide any information about a possible violation of the TCPA whatsoever. He says only that there was some "[v]iolation of TCPA,"(Compl. at 5),

and leaves the rest to the reader's imagination. This, too, is a clear failure to allege any facts in support of his claim under the TCPA rendering the Complaint clearly deficient. Based on these deficiencies, the Court finds the Complaint frivolous and worthy of immediate dismissal.

## IV.    CONCLUSION

**IT IS THEREFORE ORDERED** that the Plaintiff's Complaint (Doc. No. 1) is **DISMISSED**. The Clerk of Court is directed to close this civil case.

**SO ORDERED.**

Signed: November 22, 2013

Graham C. Mullen
United States District Judge